IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN E. TRUJILLO,

    Petitioner,

v.                                        CIV NO. 03-0889 MV/ACT

LANE BLAIR, Warden;
ATTORNEY GENERAL FOR THE STATE
OF NEW MEXICO,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on a Motion to Dismiss filed by Respondent Warden Lane Blair and the Attorney General of New Mexico Patricia Madrid. (Doc. No. 15). Respondents move to dismiss Petitioner's Application for a Writ of Habeas Corpus. (Doc. No. 1). The United States Magistrate Judge, having reviewed the Application, the Answer and the accompanying Exhibits, the Motion to Dismiss and the Memorandum in Support, finds that the Motion to Dismiss is well taken and recommends that it be GRANTED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. Petitioner John Trujillo has also moved for a Stay and has filed a Motion to Produce the Writ which he filed July 29, 2003 (Docs. No. 13 and 18). The United States Magistrate Judge recommends that the Motion to Stay

this recommended disposition be DENIED.  The United States Magistrate Judge further recommends that the Motion to Produce the Writ be DENIED AS MOOT .  The State of New Mexico attached a copy of the Application for the Writ to its Response to that Motion so that Petitioner now has a copy of his own Application for the Writ of Habeas Corpus.  (Doc. No. 19).

PROPOSED FINDINGS OF FACT

1. Petitioner is currently incarcerated in a the Torrance County Detention Facility in Estancia, New Mexico, a New Mexico correctional facility, pursuant to a Judgment, Sentence and Commitment of a New Mexico state court.  Petitioner is proceeding *pro se* and *in forma pauperis*.

2.  Petitioner filed his Application for the Writ of Habeas Corpus on a pre-printed form for persons in state custody seeking to apply for a writ of habeas corpus under 28 U.S.C.§2254. Petitioner crossed out the heading "Conviction under attack" and replaced it with "Condition of Confinement."  (Doc. No. 1).

3.  Petitioner's Application was transferred *sua sponte* to the United States Court of Appeals for the Tenth Circuit on August 18, 2003 to determine if this application was a second or successive application under 28 U.S.C. §2254 and if so, whether Petitioner should be granted authorization to file another §2254 petition.  (Doc. No. 4).  The Court of Appeals determined that the Application for the Writ of Habeas Corpus stated a claim under 28 U.S.C. §2241 and remanded it the District Court for further proceedings.  (Doc. No. 7).

4.  Petitioner originally brought his claims in an Amended Petition for a Writ of Habeas Corpus in state court in the Seventh Judicial District, County of Torrance, on March 4, 2002.

Petitioner was represented by a Public Defender. (Answer, Exhibit A).

5. The Amended Petition set forth three arguments in support of Petitioner's contention that the conditions of his confinement violated his state and federal constitutional rights:

a) the Respondent Warden failed to comply with the Department of Corrections Policy CD-150500 by refusing to respond to Petitioner's submitted grievances in a manner authorized by department policy;

b) Petitioner had been denied meaningful legal access to the court because the Torrance County Detention Facility refused to provide him with adequate legal resource materials; and

c) Petitioner received inadequate medical care in the treatment of his diabetes. (Answer, Exhibit A).

6. Petitioner attached exhibits to his Amended Petition for the Writ of Habeas Corpus including the Department of Corrections Policies concerning prisoner grievances, copies of the Grievance Officer's responses to Petitioner's grievances, Petitioner's requests for legal materials and some material concerning Petitioner's diabetic diet. (Answer, Exhibits 1 - 4 to Exhibit A).

7. Respondent, represented by an Assistant Attorney General, responded to the Amended Petition and attached his own exhibits. Respondent set forth three arguments in response:

a) Respondent is complying with its own procedures by using the grievance form to respond to the inmate's grievance, showing the recommendation of the grievance officer and the reason for the recommendation, showing the inmate the decision of the Warden and giving notice to the inmate of the next step of appeal for the grievance. Even if the Grievance Officer used a different method - a memo instead of the grievance form - of informing the inmate of the

result of the grievance, the memo informed the inmate of the grievance officer's recommendation, the Warden's decision and the inmate's next step of appeal. The Respondent argued that the Petitioner had failed to show that Petitioner had suffered any prejudice by Respondent's use of a memo instead of the grievance form to respond to Petitioner's grievances.

      b) Petitioner failed to establish an actual injury due to the alleged restrictions to legal materials. *See, Lewis v. Casey*, 518 U.S. 343 (1996).

      c) Petitioner failed to establish that Respondent had been deliberately indifferent to a serious medical need because his medical records establish that his glucose levels are normal and that his diabetes is currently being controlled through diet. *See, Estelle v. Gamble,* 429 U.S. 97 (1976). (Answer, Exhibit C and attached exhibits).

    8. The Amended Petition for the Writ of Habeas Corpus was denied by Judge Edmund Kase III of the Seventh Judicial District Court, County of Torrance, New Mexico on the merits. The Order stated that "the petition fails to raise a cognizable claim" and further that "Petitioner has not met his burden of showing that Respondent is not complying with Department of Corrections' procedures". (Answer, Exhibit D).

    9. Petitioner petitioned for a Writ of Certiorari to the New Mexico Supreme Court. (Answer, Exhibits E & F).

    10. The New Mexico Supreme Court denied the Petition for a Writ of Certiorari on October 30, 2002. (Answer, Exhibit G).

    11. Petitioner filed his *pro se* federal Application for a Writ of Habeas Corpus in this Court on July 29, 2003. (Doc. No. 1). Petitioner, while basing his §2241 application on the violations of Grievance Officer Sgt. Johnson and her misconduct of not following policy properly

under Correctional Department Procedure CD 15051, also wrote rambling arguments about the Attorney General's response to his state petition as violating his constitutional rights.  Liberally construing the *pro se* Application, this Court interprets the Application for the Writ of Habeas Corpus as stating two alleged constitutional claims - 1) Petitioner's federal constitutional right of due process was violated when Grievance Officer Sgt. Johnson failed to follow Correctional Department Procedure CD 15051, and 2) Petitioner's 5th, 6th and 14th Amendment rights were violated when the Attorney General filed a legal pleading containing certain factual and legal arguments in response to his state Amended Petition for a Writ of Habeas Corpus.  (Doc. No.1)

12.  Petitioner did not allege in this federal Application that his constitutional rights were violated by either inadequate access to legal materials or a deliberate indifference to a serious medical need.

## PROPOSED LEGAL CONCLUSIONS

13.  The New Mexico Correctional Department Procedure CD 15051, attached as Exhibit 1 to Petitioner's Amended state Petition for a Writ of Habeas Corpus, is a state Procedure adopted by the New Mexico Corrections Department pursuant to a state regulation authorized by a New Mexico statute.   NMSA § 33-2-1.

14.  Section 2241 (c)(3) of the Habeas Corpus Act only grants relief to the Petitioner if his custody, or in this case, the conditions of his custody, violate the Constitution or laws or treaties of the United States.  Section 2241 (c)(3) does not extend to alleged violations of state statutes, state regulations or state procedures.  *See, Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991).

15.  Petitioner's allegations that Grievance Officer Sgt. Johnson consistently fails to follow

New Mexico Correctional Department Procedure CD 15051 does not state a claim under Section 2241(c)(3).  Even if the Court found that the Grievance Officer did violate CD 15051, such a violation does not constitute a violation of Petitioner's federal constitutional rights.  Petitioner is reminded that the Court is not making such a finding but is merely using this as an example that even if such a claim were established, it would not state a claim under 28 U.S.C. §2241(c)(3).

16.  Petitioner's allegations that the Attorney General violated his constitutional rights when the Attorney General set forth legal and factual arguments in his pleading in response to the Petitioner's state Application for a Writ of Habeas Corpus also fails to state a claim under 28 U.S.C. §2241.  The pleading of which Petitioner complains has nothing to do with the conditions of his custody and moreover, cannot, in any sense, be construed to violate Petitioner's federal constitutional rights.

17.  Petitioner abandoned his claims, brought forth in his state Application for the Writ of Habeas Corpus, that his federal constitutional rights were violated by alleged inadequate access to legal materials or by an alleged deliberate indifference to a serious medical need.  These claims are not at issue in this Application.

18.  There is some evidence in the Exhibits attached to the Answer that Petitioner failed fully to administratively exhaust his grievance.  Therefore, the issue about the alleged failure of Grievance Officer Johnson to follow CD 15051 that Petitioner raises may be procedurally barred.  However, this Court has determined that it would be in the interest of judicial economy to rule upon this issue and not require Petitioner to exhaust his claims first.  *See, Hoxsie v. Kerby*, 108 F. 3d 1239, 1242 (10th Cir., 1997) *cert. denied* 522 U.S. 844 (1997).

## RECOMMENDED DISPOSITION

IT IS HEREBY RECOMMENDED that Respondent's Motion to Dismiss be GRANTED WITH PREJUDICE because the Application fails to state a claim upon which relief can be granted. IT IS FURTHER RECOMMENDED that Petitioner's Motion for a Stay be DENIED. IT IS FURTHER RECOMMENDED that Petitioner's Motion to Produce the Writ be DENIED AS MOOT.

## NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections to with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1). A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE